IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROGER GODWIN,

                                                                 ORDER

              Plaintiff,

                                                   07-C-208-C

     v.

BELINDA SCHRUBBE,
CHARLES LARSON,
MARK (last name unknown), and
RICK RAEMISCH,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Roger Godwin, who is pro se and proceeding <u>in forma pauperis</u> in this action, has filed a document titled "Motion for Expert Witness." In his motion, plaintiff appears to be asking the court to appoint an expert to help him prove his claim that defendants Belinda Schrubbe, Charles Larson, "Mark" and Rick Raemisch were deliberately indifferent to his serious medical needs when they refused to take action with respect to his complaints of back pain. Plaintiff's motion will be denied.

      Congress has authorized the federal courts to waive prepayment of full filing fees and the cost of transcripts if a party qualifies to proceed <u>in forma pauperis</u>. 28 U.S.C. §1915.

1

However, there is no statutory provision permitting courts to appoint expert witnesses at government expense for persons proceeding in forma pauperis in civil damage actions. McNeil v. Lowney, 831 F.2d 1368 (7th Cir. 1987).

Rules 706 and 614 of the Federal Rules of Evidence give the district courts discretion to appoint an impartial expert witness to assist the court in evaluating complex scientific evidence. In McKinney v. Anderson, 924 F.2d 1500 (9th Cir. 1991), the court of appeals suggested that the district court might appoint an impartial expert to help the court evaluate the scientific evidence bearing on the plaintiff inmate's claim that his Eighth Amendment rights were violated as a result of his exposure to secondary cigarette smoke. The court interpreted Federal Rule of Evidence 706(h) as giving the district court the discretion to apportion costs to one side. Id. at 1511.

In this case, plaintiff is not asking the court to appoint an impartial expert to help evaluate his evidence and that of defendants. Instead, he appears to be asking for payment of the cost of a witness who would testify on his behalf. As helpful as such a witness might be to plaintiff's prosecution of his claim, the funds to pay for such a witness do not exist.

ORDER

IT IS ORDERED that plaintiff's "Motion for Expert Witness" is DENIED.

Entered this 10th day of October, 2007.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge